**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4238

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLARENCE DESMOND MOORE, a/k/a Dollar,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-00768-TLW)

Submitted: February 15, 2007        Decided: February 20, 2007

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Desmond Moore pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine and five kilograms of more of cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2006). At sentencing, Moore and the Government agreed that a base offense level of thirty-six and a total offense level of thirty-three applied under the Sentencing Guidelines.[1] This offense level, combined with Moore's criminal history category IV, yielded a sentencing range of 188 to 235 months of imprisonment. The district court sentenced Moore to 192 months of imprisonment. On appeal, counsel for Moore filed an Anders[2] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court complied with the requirement of Fed. R. Crim. P. 11 in accepting Moore's plea. In a pro se supplemental brief, Moore asserts that his sentence is improper. We affirm.

Moore did not move in the district court to withdraw his guilty plea; therefore this court reviews his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the

_____

[1]U.S. Sentencing Guidelines Manual (2004).

[2]Anders v. California, 386 U.S. 738 (1967).

defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea.  The court must also determine whether there is a factual basis for the plea.  Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991).  Our review of the plea hearing transcript reveals that the district court failed to advise Moore that he would be protected against self-incrimination if he pleaded not guilty and went to trial, and that the court was required to impose a special assessment as part of his punishment.  Fed. R. Crim. P. 11(b)(1)(E), (L).  We conclude, however, that these errors did not affect Moore's substantial rights, as the district court otherwise conducted a thorough Rule 11 colloquy that assured Moore's plea was made both knowingly and voluntarily.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We have also considered the arguments asserted in Moore's pro se supplemental brief and find them to be without merit.  We therefore affirm Moore's conviction and sentence.  This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review.  If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court

for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED